PER CURIAM.
By petition for a writ of certiorari we have for review an order of the Florida Industrial Commission bearing date May 28, 1968.
We have heard oral argument and our consideration of the petition, the record and briefs lead us to the conclusion that there has been no deviation from the essential requirements of law and that therefore the petition for writ of certiorari must be denied.
By way of caveat, however, we note that claimant was injured while working in March of 1964 and through a complicated series of events the Judge of Industrial Claims finally entered an order for compensation in November of 1967 which the Florida Industrial Commission reversed and remanded in May of 1968 and which order we now review more than four years after the injury. The Workmen’s Compensation Act was passed in order to secure an expeditious method of settlement of claims of those injured in industrial accidents but it is evident that claimant here has suffered an industrial injury and through no fault of his own has long been deprived of the very rights the Act was intended to provide. This is one of a long series of such cases where an unconscionable period of time has elapsed between an injury and the final decision on benefits. We do not here undertake to fix the responsibility on any person but rather on a system which permits such to happen. We publicly call this problem to the attention of responsible officials, including the State Legislature, in the hope that appropriate corrections can be promptly made.
We therefore deny certiorari and return to the Commission for remand to the Judge of Industrial Claims for further proceedings, which proceedings shall be concluded by the Commission within sixty days from this date.
It is so ordered.
CALDWELL, C. J., and ROBERTS, DREW, THORNAL and ADAMS (Ret.), JJ., concur.