395 So.2d 222 (1981)
Louie R. McKEE, Appellant,
v.
CITY OF JACKSONVILLE, a Municipal Corporation, Appellee.
No. VV-461.
District Court of Appeal of Florida, First District.
February 27, 1981.
Rehearing Denied April 2, 1981.
*223 Jeffery B. Morris and C. Wayne Alford, of Sinoff & Alford, Jacksonville, for appellant.
David Carter, Jacksonville, for appellee.
LILES, WOODIE A. (Retired), Associate Judge.
In 1977 Louie R. McKee was injured as a result of Joseph Hatcher running his automobile through an intersection and colliding with the motorcycle being operated by Appellant. He sued both Hatcher and the City of Jacksonville, alleging that the City failed to maintain, replace or erect a stop sign at the corner of the intersection of Wiley Road and Muncie Avenue. Immediately prior to going to trial, Hatcher was dropped as a defendant, leaving only the City, against whom Appellant obtained a verdict awarding him damages in the amount of $8,200.00.
Appellant complains that the court erred in failing to grant his motion in limine prior to the trial. The granting of his motion would have prevented the introduction of evidence of collateral source payments as is required under Section 627.7372, Florida Statutes (1977), wherein Appellant testified that he had medical expenses of $18,256.80 as a result of the accident and that all but $730.00 of this amount had been paid by his group insurance policy. The Legislature enacted Section 627.7372, Florida Statutes (1977),[1] commonly referred to as the Collateral Source Rule, and it requires in pertinent part:
627.7372 Collateral Sources of indemnity.
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources which have been paid to the claimant prior to the commencement of the trial. The court shall also admit into evidence any amount paid by the claimant to secure such collateral source.
(2) For purposes of this section, "collateral sources" means any payments made to the claimant, or on his behalf, by or pursuant to:

*224 (a) The United States Social Security Act; or any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits.
(b) Any health, sickness, or income disability coverage; automobile accident insurance that provides health benefits or income disability coverage; and any other similar insurance benefits except life insurance benefits available to the claimant, whether purchased by him or provided by others.
(c) Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services.
(d) Any contractual or voluntary wage continuation plan provided by employers or any other system intended to provide wages during a period of disability.
The trial judge complied with the statute when he denied the motion and charged the jury pursuant thereto.
McKee first urges that the City's failure to erect the stop sign was the root cause of the accident, and that it was not an accident within the meaning of the statute, since it was not "arising out of the ownership, operation, use or maintenance of a motor vehicle." See Section 627.7372(1), Fla. Stat. (1977). McKee maintains it was a premises accident, and therefore he was entitled to his full measure of damages without the set-off of his group medical policy. He goes on to urge that if this Court should find that this was an accident within the purview of Section 627.7372, the statute is unconstitutional for the reasons that it (1) denies him his right to be redressed for his injuries without providing a reasonable alternative as guaranteed under Article I, Section 21, of the Florida Constitution; (2) violates plaintiff's right to a fair trial; and (3) violates Article II, Section 3, of the Florida Constitution, which is the separation of powers clause.
McKee argues that Kluger v. White, 281 So.2d 1 (Fla. 1973), is controlling and thus renders this section unconstitutional under Article I, Section 21, of the Florida Constitution. We believe not. Here there is a diminution of monies recovered from the tortfeasor. The statute bars recovery from the tortfeasor only to the extent that collateral source benefits are received. There is not a denial of a cause of action without an alternative. Hatcher, the tortfeasor, by a fortuitous event, hit a victim who had diligently obtained his own insurance, and assuming that Hatcher was insured, he was thereby able to save his insurance company a sizeable amount of money. The Legislature can constitutionally accomplish this; and while the courts may not agree with the result of a statute, they cannot for that reason alone find it unconstitutional. Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980), reh. denied; Beckwith v. Webb's Fabulous Pharmacies, 374 So.2d 951 (Fla. 1979), reh. denied, rev'd on other grounds, ___ U.S. ___, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980).
McKee complains that Section 627.7372 is a direct abridgement of a plaintiff's right to recover full damages for his injuries. He has presumptively recovered the full measure of his damages. He simply obtained part from his group insurance policy and part from the tortfeasor. This section is not unconstitutional for the reason that it violates the plaintiff's right to a fair trial. It affects the amount of money that he receives as a measure of damages from any one tortfeasor and prevents dual recovery.
The statute is not in violation of the separation of powers provision of the Florida Constitution in that it directs the judge to admit evidence of collateral source payments secured prior to trial, as well as the amount of any funds expended to secure the collateral source. Some circuit judges around the state have declared Section 627.7372 unconstitutional based on Kluger v. White. We cannot read into the section the Kluger findings; and even if we might believe the statute fraught with unfairness, wrong in its intent, and failing to accomplish *225 any of the goals as a reason for passage, it does indeed prevent dual recovery and is not unconstitutional.
Section 627.7372 is not unconstitutional for the reason that it discriminates and treats unequal certain classes of people. While it is true that plaintiffs would be entitled to more damages if they were injured in a slip and fall accident, an airplane accident, or run over by a vehicle other than a motor vehicle, people injured while operating, maintaining, or using an automobile are all equally discriminated against.
AFFIRMED.
ROBERT P. SMITH and THOMPSON, JJ., concur.
NOTES
[1] Under Laws of Fla., Chap. 78-374, §§ 5 and 12, this statute was amended to require that the court instruct the jury to deduct any collateral source benefits from their verdict. Because the amendment applied only to accidents occurring after January 1, 1979, it is not at issue, and we do not reach the issue of the constitutionality of the statute, as amended.