419 So.2d 754 (1982)
Michael MAHONEY, Appellant,
v.
SEARS, ROEBUCK & COMPANY and Crawford & Company, Appellees.
No. AF-84.
District Court of Appeal of Florida, First District.
September 22, 1982.
*755 Alex P. Lancaster, Sarasota, for appellant.
Keith A. Mann of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees.
McCORD, Judge.
On January 8, 1981, Michael Mahoney, an 18-year-old man, was working part-time for extra money to help him through school when he was struck in the eye by a tire iron thrown by a fellow employee. As a result, he has suffered at least an 80% loss of vision in his eye, rendering it, for all practical purposes, useless. He now argues that Section 440.15(3)(a)1, Florida Statutes (1980), which limits his compensation award to $1,200 for the loss of the eye,[1] violates the equal access provision of Article I, Section 21, of the Florida Constitution. We affirm.
We observe that, prior to the 1979 amendments to the Workers' Compensation Act, Mahoney's monetary award would have been significantly greater. §§ 440.15(3)(e) and (p), Fla. Stat. (1978). Nevertheless, "even if we might believe the statute fraught with unfairness, wrong in its intent, and failing to accomplish any of the goals as a reason for passage," [McKee v. City of Jacksonville, 395 So.2d 222, 224-5 (Fla. 1st DCA 1981)] we cannot conclude that the statute violates the provisions of the equal access clause to the Florida Constitution. To be sure, the 1979 Act drastically limits the amount of compensation one may receive for such an injury. However, the statute still expresses the fundamental purpose of workers' compensation acts to provide for employees a remedy that is both expeditious and independent of proof of fault and for employers a liability that is limited and determinate. See Clenney v. Walker Hauling Co., 217 So.2d 114 Fla. 1968); McLean v. Mundy, 81 So.2d 501 (Fla. 1955). In other words, the certain remedy afforded by the Act is deemed to be a sufficient substitute for the doubtful right accorded by the common law. In return, the employer "may not plead as a defense that the injury was caused by negligence of a fellow servant, that the employee assumed the risk of employment, or that the injury was due to the comparative negligence of the employee." § 440.11, Fla. Stat. Moreover, it is presumed that the claim comes within the provisions of the Act, that sufficient notice of the claim has been given, and that the injury was not occasioned by the willful intention of the injured employee to injure or kill himself or another. § 440.26(1), (2), and (3), Fla. Stat.
The mere fact that an employee's recovery has been limited by the imposition of a dollar cap is not, in and of itself, a constitutional bar. Cf. Abdin v. Fischer, 374 So.2d 1379 (Fla. 1979) (limiting liability of owners of public recreation areas).
Further, while Section 440.15(3)(a)1 has significantly diminished Mahoney's recovery, it has not totally eliminated the *756 previously recognized cause of action and, as such, does not offend Article I, Section 21, of the Florida Constitution. See Jetton v. Jacksonville Electrical Authority, 399 So.2d 396 (Fla. 1st DCA 1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., concurs.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I would hold Section 440.15(3)(a)1, Florida Statutes (1980), unconstitutional as applied in this case and claimant entitled to seek his remedy in an action at law.[1]
The maximum compensation provided under Section 440.15(3)(a)1 to this 18-year-old high school student for the loss of his eye is $1,200.[2] Under the previous Workmen's Compensation Act, claimant would have been entitled to approximately $10,000.[3]
The Legislature may curtail or even abolish a remedy so long as another adequate remedy is afforded. This court, though not substituting its judgment for that of the Legislature, must not abdicate its sworn duty to see that statutory enactments comport with the Constitutions of the United States and of the State of Florida. Fundamental rights of individuals must not be violated.
The question then is whether the 1979 Legislature's curtailment[4] of workers' compensation benefits reduces that remedy to such a point that it has become an inadequate substitute for common law remedies relinquished by the worker. I would hold that, as applied in the instant case, the provision of $1,200 for loss of an eye is hardly more than nominal recovery and is constitutionally insufficient.[5] Indeed, if this degree of curtailment of remedy can be condoned, then reduction of compensation to a mythical peppercorn would also be sustainable.
The remedy afforded is tantamount to the elimination of remedy in this case and is unconstitutional. The Legislature, in recognition of that fact, has substantially upgraded benefits in the 1982 amendment of Section 440.15(3)(a)1,[6] and compensation for loss of an eye has been restored to approximately what was available under the old act. Unfortunately, the amendment and its ten-fold increase is not available to the injured workman in this case.
I respectfully dissent.
NOTES
[1] In case of permanent impairment due to amputation, loss of 80 percent or more of vision, after correction, or serious facial or head disfigurement resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits pursuant to subsection (1), there shall be paid to the injured worker the following:

a. Fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 50 percent; and
b. One hundred dollars for each percent of permanent impairment of the body as a whole for that portion in excess of 50 percent.
[1] The court is not called on in this case to evaluate the claimant's cause of action at law or the possible defenses to such an action.
[2] Claimant was working part time (average weekly wage $90) and going to high school when he was accidentally struck in the eye by a weight thrown by a co-employee. He has suffered an 80 to 100 percent loss of vision in the injured eye and is legally blind in that eye. Testimony shows that claimant will not be able to drive any ICC rig, would not be physically fit for the armed services, and would have difficulty doing a great number of jobs. Further, as he gets older, he will tend to develop a cross eye which will drift in an outward direction, an asymmetrical pupil and light sensitivity in the injured eye.
[3] Under the old act [§ 440.15(3)(e) and (p), Fla. Stat. (1978)], claimant would have been entitled to approximately $10,000 for the loss of his eye. The award could have reached as much as $25,000 had claimant been working full time making approximately $200 per week at a manual labor job. The 1979 amendment to § 440.15(3)(a)1 reduces the allowable compensation to claimant for loss of use of the eye to $1,200. Under both the old and new acts, medical benefits and temporary total disability benefits are payable.
[4] Chapter 79-312, Laws of Florida, effective August 1, 1979.
[5] Cf., Acton v. Ft. Lauderdale Hospital, 1099 So.2d 418 (Fla. 1st DCA), upholding validity, vel non, of § 440.15(3)(a) and (b), Fla. Stat.
[6] Chapter 82-237, Laws of Florida, effective May 1, 1982.