429 So.2d 1237 (1983)
Joseph RUSS and City of St. Petersburg, Appellants,
v.
Anna ISWARIN and Ignat Iswarin, and William Packer and Jessie Packer, Appellees.
No. 82-1536.
District Court of Appeal of Florida, Second District.
March 23, 1983.
Rehearing Denied April 27, 1983.
*1239 Michael S. Davis, City Atty., and William N. Drake, Jr., Asst. City Atty., St. Petersburg, for appellants.
James P. Ogden and Thomas Michael McKnight of Matusek, Ogden, McKnight & Hudson, P.A., St. Petersburg, for appellees Anna Iswarin and Ignat Iswarin.
J. Thomas McGrady of Mattson, McGrady & Todd, P.A., and Morris W. Milton, St. Petersburg, for appellees William Packer and Jessie Packer.
GRIMES, Judge.
This litigation ensued as a result of an accident in the City of St. Petersburg when a car owned and operated by William Packer collided with a city bus operated by Joseph Russ.
The accident occurred on a rainy afternoon on 49th Street South, a four-lane road running north and south without a median. The bus turned from an easterly direction on Tangerine Avenue preparing to travel a short distance north on 49th Street before turning back to the east on 18th Avenue. As the bus pulled away from Tangerine Avenue, Packer's car which was travelling south on 49th Street hit it at a point just behind the driver's seat. The car became attached to the bus, the accelerator of the bus jammed open, and the steering was disabled. The bus jumped a curb and came to rest against a nursery school on the southeast corner of the intersection of 18th Avenue and 49th Street.
The Iswarins, passengers on the bus, brought suit for personal injuries against the city and Russ. Later, William Packer, joined by his wife Jessie, filed a separate action against the city and Russ for damages suffered in the same accident. The city counterclaimed against Packer seeking to recover its damages, and Russ also filed a counterclaim against Packer for his personal injuries. After the suits were consolidated, the Iswarins amended their complaint to add Packer as a defendant. However, prior to trial, the Iswarins' suit against Packer was dismissed with prejudice.
At the trial, Russ testified that he pulled the bus to a stop at the stop sign governing traffic on Tangerine Avenue. He looked to the left but saw no vehicles and started to pull across. As the bus crossed the center line, he saw Packer's automobile for the first time just before the impact. Packer testified that he was travelling south on the inside lane of 49th Street at about thirty miles per hour when the bus pulled out in front of him. He said he pulled his steering wheel to the left but was unable to avoid the accident. Investigating police officers noticed an odor of alcohol on Packer's breath, but they did not administer any tests. Packer admitted having one beer at noon.
John Davenport testified that as he was travelling south on 49th Street about three blocks from the accident site, Packer passed him at a speed of forty-five to fifty miles per hour. The speed limit was thirty-five miles per hour. Davenport said that when Packer was about a half block from Tangerine Avenue, the bus pulled into the road but that Packer drove straight and did not brake. He stated that the bus had already cleared the southbound lane and was about to start its turn back into 18th Avenue when Packer hit it.
At the close of the testimony, the court granted Packer's motion for directed verdict on the counterclaims filed against him by Russ and the city. The court denied the Packers' motion for a directed verdict in their favor on the issue of liability against the city. The Iswarins did not request a directed verdict. The jury returned a verdict which found Packer 80% negligent and the city 20% negligent. The jury also found that Packer had suffered $20,000 damages but that his wife had no damages. The jury awarded the Iswarins $5,000 each. Pursuant to its prior directed verdict, the court entered judgment for Packer on the counterclaims of Russ and the city. The court reduced the Iswarins' verdicts to take into account previous settlements they had with Packer and entered $2,500 judgments for each of them against Russ and the city. However, the court granted the Packers a new trial.
*1240 Russ and the city argue that the court improperly substituted its judgment for that of the jury in granting the Packers a new trial. We disagree. In its order, the court followed the dictates of Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), in articulating the reasons for granting the new trial:
1. There was no evidence presented upon which the jury could have concluded that Mr. PACKER was 80% at fault in causing the collision between his car and the City of St. Petersburg bus.
2. The evidence was undisputed that JOSEPH RUSS did not see Mr. PACKER's car prior to his driving the bus into the main thoroughfare from a stop sign.
3. The overwhelming evidence indicated that the accident happened in the middle of 49th Street near the southbound inside lane.
4. While there was evidence that Mr. PACKER smelled of alcohol after the accident, there was no evidence that this fact was the legal cause of the accident.
5. There was undisputed evidence that JESSIE PACKER lost the services of her husband around the house and that her sex and social life had been severely limited, as a direct result of the accident.
The trial judge was in a better position than this court to evaluate the evidence. It was not an abuse of discretion to conclude that the finding of Packer's 80% negligence and an absence of damages for Mrs. Packer was against the manifest weight of the evidence. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
We find more merit in the argument that the court should not have directed a verdict for Packer on the issue of his liability. For the judgment on the directed verdict to be sustained, it must appear that there was no competent substantial evidence to support a finding of any negligence on Packer's part.[1] According to the witness Davenport, Packer drove at least ten miles over the speed limit on wet pavement and collided with the bus across the center line without putting on its brakes. In spite of the fact that he had the right of way, reasonable men could differ over whether Packer was negligent. The court erred in removing this issue from jury consideration.[2]Mathis v. Lambert, 274 So.2d 601 (Fla.3d DCA 1973). The claims of Russ and the city against Packer can be prosecuted at the same time as the Packers' new trial.
Russ and the city also raised certain evidentiary points. They complain that the court erred in excluding Davenport's testimony that Packer drove in an erratic manner more than a mile and a half away from the accident and three or four minutes before the accident occurred. As a general rule, the decision of whether to permit evidence of a driver's conduct at a point some distance from the scene of the accident is left to the sound discretion of the trial judge. DiGregorio v. Industrial Supply Corp., 438 F.2d 303 (5th Cir.1971); Nat Harrison Associates, Inc. v. Byrd, 256 So.2d 50 (Fla. 4th DCA 1971); Hill v. Sadler, 186 So.2d 52 (Fla.2d DCA 1966); 11 Blashfield, Automobile Law and Practice § 425.1 (3d ed. 1977). The court did not abuse its discretion in excluding this evidence as remote.
The court also excluded Davenport's testimony that while travelling in the inside lane just three blocks from the scene of the accident, Packer passed him on the right and ran up on the curb before turning back into the inside lane ahead of him. Since Davenport was permitted to testify that after passing him Packer continued to drive in excess of the speed limit until he hit the bus, the court must have felt that Packer's excursion to the curb was not relevant to how the accident happened. We believe *1241 that any evidence of Packer's driving so close in time and distance to the accident should have been admitted, particularly in view of the testimony that Packer may have been drinking.
Russ and the city also contend that the court erred in permitting Patrolman Pierce to give his opinion concerning the point of impact on the street without having been properly qualified as an expert. Patrolman Pierce did not purport to be an expert on the subject. Therefore, his testimony about the point of impact should not have been admitted. See Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla.2d DCA 1961).
The foregoing evidentiary problems can be avoided in the new trial. The question remains whether such errors were sufficient to taint the Iswarins' verdicts. As they relate to the Iswarins, we hold that these errors were harmless. At the most, the admission of the excluded testimony would have tended to enhance Packer's negligence. It would not have exonerated Russ and the city of all negligence. Therefore, the Iswarins' judgments must stand.
Finally, Russ and the city argue that the court should have given the jury an instruction on driving under the influence of alcoholic beverages. The evidence on Packer's drinking was insufficient to warrant such an instruction, and the court properly refused it.
We affirm the Iswarins' judgments against Russ and the city and the order granting the Packers a new trial on their claims for damages. We reverse the judgment which exonerates Packer from liability to Russ and the city and remand that aspect of the case for a new trial.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] Ironically, the jury found Packer 80% negligent.
[2] Packer also suggests that the directed verdict against Russ can be sustained because he failed to meet the no-fault threshold under section 627.737, Florida Statutes (1979). We reject this argument because the provisions of the Florida Automobile Reparations Reform Act are not applicable to municipally owned vehicles. § 627.734(3), Fla. Stat. (1979).