440 So.2d 1285 (1983)
Michael MAHONEY, Petitioner,
v.
SEARS, ROEBUCK & CO., et al., Respondents.
No. 62721.
Supreme Court of Florida.
November 10, 1983.
Alex Lancaster, Sarasota, for petitioner.
Keith A. Mann of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for respondents.
PER CURIAM.
This case is before us to review a decision of the First District Court of Appeal which upheld subsection 440.15(3)(a)1., Florida Statutes (Supp. 1980),[1] against a challenge that this portion of the Workers' Compensation Law violates the access to the courts provision in article I, section 21 of the Florida Constitution. Mahoney v. Sears, Roebuck & Co., 419 So.2d 754 (Fla. 1st DCA 1982). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Michael Mahoney worked part-time at Sears while attending junior college. On January 8, 1981 a tire weight thrown by a fellow employee struck him in the eye. Mahoney consequently suffered an eighty percent loss of vision in the injured eye. For this twenty-four percent permanent impairment of the body as a whole, Mahoney received $1,200 in impairment benefits. He contends that subsection 440.15(3)(a)1. unconstitutionally deprives him of access to the courts for redress of his injury. We disagree.
In Acton v. Ft. Lauderdale Hospital, 440 So.2d 1282 (Fla. 1983), we held that subsections 440.15(3)(a) and (b), Florida Statutes (1981), do not violate constitutional *1286 guarantees of access to the courts and equal protection. Mahoney might well have received more compensation for the loss of his eye prior to the legislative amendments to the Workers' Compensation Law in 1979.[2] Mahoney, however, received fully paid medical care and wage-loss benefits during his recovery from his on-the-job accident without having to suffer the delay and uncertainty of seeking a recovery in tort from his employer or a third party. Workers' compensation, therefore, still stands as a reasonable litigation alternative. The $1,200 award for loss of sight in one eye may appear inadequate and unfair,[3] but it does not render the statute unconstitutional. Accordingly, we approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] § 440.15(3)(a)1. provides:

1. In case of permanent impairment due to amputation, loss of 80 percent or more of vision, after correction, or serious facial or head disfigurement resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits pursuant to subsection (1), there shall be paid to the injured the following:
a. Fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 50 percent; and
b. One hundred dollars for each percent of permanent impairment of the body as a whole for that portion in excess of 50 percent.
[2] The loss of 80% of vision in one eye formerly resulted in a lump-sum payment equal to 60% of a worker's average weekly wage multiplied by 175 weeks. § 440.15(3), Fla. Stat. (1977).
[3] We note that the same loss of vision in one eye today would result in an award of $9,500 in impairment benefits. § 440.15(3)(a), Fla. Stat. (Supp. 1982).