452 So.2d 932 (1984)
Fred V. SASSO, Petitioner,
v.
RAM PROPERTY MANAGEMENT and Fireman's Fund Insurance Company, Respondents.
No. 63708.
Supreme Court of Florida.
June 28, 1984.
*933 Irvin A. Meyers and Sherry L. Davis of Meyers & Mooney, Orlando, for petitioner.
Randy Fischer of Haas, Boehm, Brown, Rigdon & Seacrest, Orlando, for respondents.
PER CURIAM.
This case comes before us on a petition to review a decision of the First District Court of Appeal, Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983). The district court declared valid the state statute at issue here, and we therefore have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve the district court decision.
Ram Property Management hired Sasso as a landscape gardener in 1979. Sasso was 78 at the time, but told Ram he was born in 1917, believing he wouldn't get the job if his real age was known. In September 1979, Sasso injured his arm on the job. Respondents paid temporary total disability and medical benefits until Sasso reached maximum medical improvement. His arm was permanently impaired, and Sasso was unable to find employment. He filed a complaint for permanent total disability and wage-loss benefits under section 440.15(3)(b), Florida Statutes (1979). The deputy commissioner found Sasso ineligible for permanent total disability payments, and denied wage-loss benefits because section 440.15(3)(b)3.d.[1] cut off wage-loss benefits at age sixty-five. Sasso appealed to the First District, which affirmed. The district court held that section 440.15(3)(b)3.d. did not deny Sasso access to the courts or unconstitutionally discriminate on the basis of age.
Sasso urges that the workers' compensation law, which abolishes the right to sue one's employer and substitutes the right to receive benefits under the compensation scheme, has denied him access to the courts without providing a substitute. In Kluger v. White, 281 So.2d 1, 4 (Fla. 1973), this Court held that "the Legislature is without power to abolish [a right to redress for a particular injury provided by statute before the adoption of the Declaration of Rights of the Florida Constitution] without providing a reasonable alternative." Sasso argues that because he no longer may sue his employer for lost wages, and because wage-loss benefits are denied him because of his age, he has been denied any "reasonable alternative" to his right to sue, in violation of article I, section 21, of the Florida Constitution.[2]
However, we find that Sasso has been provided with a reasonable alternative. His medical expenses were covered by workers' compensation benefits, and he received temporary total disability benefits *934 during his convalescence. Permanent total disability benefits were available to him if he had qualified and any future medical expenses related to his injury are also covered. Sasso thus has received some of the compensation which a tort suit might have provided had he been forced to pay his own expenses and subsequently seek redress in court. Such partial remedy does not constitute an abolition of rights without reasonable alternative as contemplated in Kluger v. White. See Acton v. Fort Lauderdale Hospital, 440 So.2d 1282 (Fla. 1983); Mahoney v. Sears, Roebuck & Co., 440 So.2d 1285 (Fla. 1983).
Sasso also urges us to find that section 440.15(3)(b)3.d. is unconstitutional because it denies wage-loss benefits based on the age of the injured worker. We defer to Judge Ervin's detailed analysis in the opinion below of the standard of review to be used when statutory discrimination is based on age. 431 So.2d at 211-18. We agree with Judge Ervin that there is no basis to conclude that an elevated standard of review is appropriate in this case. The "rational basis" test is the proper standard of review. In this case the district court found three legitimate state objectives furthered by the discriminatory scheme.[3] We cannot disagree that the objectives are legitimate, and that the age-based discrimination was rationally related to furthering those goals. We therefore must agree with the district court that section 440.15(3)(b)3.d. does not violate Sasso's right to equal protection under the law.
Accordingly, the decision of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] 3. The right to wage-loss benefits shall terminate:

a. As of the end of any 2-year period commencing at any time subsequent to the month when the injured employee reaches the date of maximum medical improvement, unless during such 2-year period wage-loss benefits shall have been payable during at least 3 consecutive months;
b. For injuries occurring on or before July 1, 1980, 350 weeks after the injured employee reaches the date of maximum medical improvement;
c. For injuries occurring after July 1, 1980, 525 weeks after the injured employee reaches maximum medical improvement; or
d. When the injured employee reaches age 65,
whichever comes first.
§ 440.15(3)(b)3, Fla. Stat. (1979) (emphasis added). This section has subsequently been amended to delete the provision terminating benefits at age 65. However, section 440.15(3)(b)4 has also been amended to offset wage-loss benefits to the extent the recipient is entitled to social security retirement benefits. Ch. 83-305, § 5, Laws of Fla.
[2] "Access to courts.  The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." Art. I, § 21, Fla. Const.
[3] The district court examined four legitimate state objectives: (1) To prevent "double-dipping" by injured workers receiving both social security retirement benefits and wage-loss benefits; (2) To reduce fringe benefits to reflect a productivity decline with age; (3) To induce older workers to retire to allow younger workers a chance to advance in their employment; and (4) To reduce the cost of workers' compensation premiums. The district court properly found that section 440.15(3)(b)3.d. was not rationally related to preventing double-dipping since social security retirement benefits do not serve the same purpose as wage-loss benefits. The district court correctly determined that section 440.15(3)(b)3.d. was rationally related to achieving the three remaining objectives.