455 So.2d 441 (1984)
David Alan SCHERZER, Appellant,
v.
Mary Wilk BERON and American Ambassador Casualty Co., Appellees.
No. 83-1441.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
Rehearing Denied September 10, 1984.
Peter T. Ribaudo, Ormond Beach, and Henry P. Duffett of Duffett, Seps & Akers, Ormond Beach, for appellant.
Dennis P. Dore of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Daytona Beach, for appellees.
COBB, Chief Judge.
The plaintiff appeals a judgment denying recovery. The question presented is whether a motorcyclist is subject to the threshold requirement of the Florida Reparations Reform Act, also known as the no-fault law. We hold a motorcyclist is not.
This action arose out of a collision in 1982 between the plaintiff motorcyclist and the defendant motor vehicle operator. At the subsequent trial, the jury found that the defendant was 100% negligent and that the plaintiff sustained damages of $4,500.00, yet it also determined that the plaintiff had not satisfied the threshold requirement of section 627.737(2), Florida Statutes (1981). Based upon the jury's latter *442 finding, the trial court entered a judgment in the defendant's favor.
Section 627.733, Florida Statutes (1981), requires only the owner or registrant of a motor vehicle to maintain security (personal injury protection benefits). "Motor vehicle" is defined in section 627.732, Florida Statutes (1981), so as to exclude any self-propelled vehicle with fewer than four wheels. Hence, a motorcycle is not a motor vehicle under the no-fault law and is therefore excluded from the statutory requirement of security. Apparently, this exclusion was prompted by the belief that the over-all cost of obtaining no-fault insurance would be reduced.[1] The defendants, however, do not attach any significance to the motorcyclist exclusion; instead, they contend that regardless of the plaintiff's mode of transportation, the threshold requirement applies as long as the defendant has personal injury protection benefits as required by statute. The applicable statutory provisions refute this contention.
The threshold requirement of Section 627.737(2), Florida Statutes (1981), applies only in a tort action where security has been provided.[2] Reading section 627.736(1), Florida Statutes (1981), one discovers that security is not provided to a motorcyclist, who is "an occupant of a self-propelled vehicle."[3] Thus, a motorcyclist need not satisfy the threshold to maintain a suit for the damages enumerated in subsection (2) of section 627.737.
Similarly, a motor vehicle operator cannot assert the tort exemption of section 627.737 (1), Florida Statutes (1981), against a plaintiff motorcyclist because the exemption protects against liability only to the extent personal injury protection benefits are payable or would be payable but for express statutorily authorized exclusions. Of course, neither can a defendant motorcyclist claim the statutory tort exemption.
*443 To say that under the no-fault provisions a motorcyclist is not only precluded from obtaining personal injury protection benefits but barred from maintaining a tort action as well, is to leave a motorcyclist without any remedy. In Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla. 1974), the Florida Supreme Court recognized the derivative benefit from mandatory insurance coverage:
In exchange for the loss of a former right to recover  upon proving the other party to be at fault  for pain and suffering, etc., in cases where the thresholds of the statute are not met, the injured party is assured a speedy payment of his medical bills and compensation for lost income from his own insurer, even where the injured party was himself clearly at fault... . The provisions of F.S. 627.737, F.S.A., do provide a reasonable alternative to the traditional action in tort, and therefore do not violate the right of access to the courts... .
Id. at 15. In the case of a motorcyclist, no such alternative exists. Thus, requiring a motorcyclist to meet the threshold requirement would be a denial of his constitutional right of access to courts.
Accordingly, we reverse the final judgment and remand for entry of judgment in the plaintiff's favor in the amount of $4,500.00, plus costs.
REVERSED and REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Appleman on Insurance Law and Practice Vol. 8d, § 5166 (1981):

Lest it be thought that the legislators had in mind charitable impulses to spare such persons [motorcyclists] this expense, it should be made clear that the motivation was quite different. It was feared, rather, that their possibly disastrous claims experience would run up the cost to all; and, since at that time, the legislators believed the arguments that no fault would reduce premium charges, it was considered desirable to shade the odds in this direction. In all events, the specification of one such group does not violate the principle of equal protection of the laws. Of course, in those states where acceptance of the coverage of a no fault plan confers at least a partial immunity to tort liability, all common law actions may remain against an uninsured motorcyclist or motorist.
[2] § 627.737(2):

In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.741, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
[3] § 627.736 Required Personal Injury Protection Benefits; Exclusion; Priority. 

(1) REQUIRED BENEFITS.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, X-ray, dental and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, and nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an accupant of a self-propelled vehicle, all as specifically provided in (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows. (Emphasis added.)