ALDERMAN, Justice.
We review the decision of the First District Court of Appeal in Acosta v. Kraco, Inc., 448 So.2d 562 (Fla. 1st DCA 1984), which certified the following question to be of great public importance:
Does Section 440.15(3)(b)3.d., Florida Statutes (1979) violate the supremacy clause of the United States Constitution because it conflicts with 42 U.S.C. Section 403(f)(3) (1983)?
448 So.2d at 564. In addition, petitioner has raised other challenges to the constitutionality of section 440.15(3)(b)3.d. We find no merit in these arguments. O’Neil v. Department of Transportation, 468 So.2d 904 (Fla.1985); Sasso v. Ram Property Management, 452 So.2d 932 (Fla.), appeal dismissed, — U.S. -, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984). We answer the certified question in the negative and approve the decision of the district court.
Petitioner argues that section 440.-15(3)(b)3.d. operates in contravention of 42 U.S.C. section 403(f)(3)[1] and thus violates the supremacy clause of the United States Constitution.
In Sasso, we held that section 440.-15(3)(b)3.d. did not deny access to the courts or unconstitutionally discriminate on the basis of age. We approved the district court’s finding that this section was rationally related to the legitimate state objectives of reducing fringe benefits to reflect productivity declines associated with age, inducing older workers to retire thereby allowing younger workers to advance, and reducing workers’ compensation premiums.[2] We therefore held that this section *26 did not violate claimant’s right to equal protection under the law. In O’Neil, we further held that section 440.15(3)(b)3.d. was not unconstitutional under the supremacy clause as violative of 29 U.S.C. § 623, the Age Discrimination in Employment Act. In the present case, the district court found that the valid purposes of section 440.15(3)(b)3.d. set forth in its Sasso decision did not conflict with the salutary purposes underlying section 403(f)(3) and upheld its constitutionality under the supremacy clause. We agree.
Accordingly, the decision of the district court is approved.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD and EHRLICH, JJ., concur.
SHAW, J., dissents with an opinion, in which ADKINS, J., concurs.

. Section 403(f)(3) permits social security recipients between the ages of sixty-five and seventy to receive full benefits provided the recipient’s earned income does not reach a maximum level and, also, allows the receipt of partial benefits to the extent earned income exceeds this maximum level. Additionally, recipients over the age of seventy receive full benefits without regard to their income level. 42 U.S.C. § 403(f) (1983).

. Petitioner argues in the present case that the purpose of section 440.15(3)(b)3.d. is to prevent *26 double dipping, whereby a claimant would receive both social security retirement benefits and wage-loss benefits, and therefore conflicts with section 403(f)(3) of the Social Security Act. We held in Sasso that section 440.15(3)(b)3.d. was not rationally related to preventing double dipping since social security retirement benefits do not serve the same purpose as wage-loss benefits, but that it was rationally related to achieving the three remaining objectives.