470 So.2d 718 (1985)
Emelia SANTIAGOHERRERA, Appellant,
v.
Harvey R. STOUT and Consolidated American Insurance Company, a Foreign Corporation, Appellees.
No. 84-693.
District Court of Appeal of Florida, Fifth District.
May 2, 1985.
On Rehearing June 10, 1985.
Deborah C. Edens of Maher, Overchuck, Langa and Lobb, P.A., Orlando, for appellant.
Robert D. Keough of Woolfolk & Estes, P.A., Orlando, for appellees.
*719 SHARP, Judge.
Santiagoherrera appeals from a final summary judgment denying her right to recover damages for personal injuries she incurred when Stout, in a tractor-trailer, rear-ended the city bus she was driving. The basis for the denial of Santiagoherrera's cause of action was her inability to meet the "threshold" requirements of the Florida no-fault insurance law.[1] We reverse.
In Scherzer v. Beron, 455 So.2d 441 (Fla. 5th DCA), appeal dismissed, 459 So.2d 1039 (Fla. 1984), we held that the "threshold" requirement of section 627.737(2), Florida Statutes (1981) did not apply to a motorcyclist who filed suit against a defendant motor vehicle operator because a motorcycle is not a "motor vehicle" under the no-fault law.[2]
The threshold requirement of Section 627.737(2), Florida Statutes (1981), applies only in a tort action where security has been provided. Reading section 627.736(1), Florida Statutes (1981), one discovers that security is not provided to a motorcyclist who is "an occupant of a self-propelled vehicle." Thus, a motorcyclist need not satisfy the threshold to maintain a suit for the damages enumerated in subsection (2) of section 627.737.
455 So.2d at 442. We also suggested in Scherzer that to preclude persons from obtaining personal injury protection benefits under the no-fault law and then to bar them from a tort action as well would result in denial of their constitutional right of access to the courts.[3]
In this case, like a motorcycle, a city bus is excluded from the no-fault insurance law's definition of "motor vehicle." Section 627.732(1)(b), Florida Statutes (1983) provides:
The term "motor vehicle" does not include ... any motor vehicle which is used in mass transit or public school transportation, ... and which is owned by a municipality, a transit or a public school transportation authority, or a political subdivision of the state.
This case is controlled by Scherzer. We hold that the threshold requirements of the no-fault law need not be met by the appellant in this case.[4]
REVERSED.
DAUKSCH and COWART, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that Appellees' MOTION FOR RE-HEARING, filed May 15, 1985, is granted and the May 7, 1985, Order of this *720 Court granting attorney's fees in this cause is withdrawn. It is further
ORDERED that Appellant's REQUEST FOR ATTORNEYS FEES, filed August 27, 1984, is denied. See Section 627.428, Florida Statutes (1983); Gutman v. American Motorists Insurance Co., 410 So.2d 1001 (Fla. 3rd DCA 1982).
NOTES
[1] Section 627.737(2), Florida Statutes (1983), provides:

In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
(3) When a defendant, in a proceeding brought pursuant to ss. 627.730-627.7405, questions whether the plaintiff has met the requirements of subsection (2), then the defendant may file an appropriate motion with the court, and the court shall, on a one-time basis only, 30 days before the date set for the trial or the pretrial hearing, whichever is first, by examining the pleadings and the evidence before it, ascertain whether the plaintiff will be able to submit some evidence that the plaintiff will meet the requirements of subsection (2). If the court finds that the plaintiff will not be able to submit such evidence, then the court shall dismiss the plaintiff's claim without prejudice.
(4) In any action brought against an automobile insurer for damages in excess of its policy limits, no claim for punitive damages shall be allowed.
[2] § 627.732, Fla. Stat. (1981).
[3] Art. I, § 21 Fla. Const.
[4] See Russ v. Iswarin, 429 So.2d 1237 (Fla. 2d DCA 1983).