James **TOMLINSON,** Naomi Tomlinson, Plaintiffs-Appellants,

v.

**ORANGE COUNTY, FLORIDA,** Defendant-Appellee.

No. 85–3730
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 1, 1986.

**934**

Joanna NeSmith-Rosner, Atty., Thomasville, Ga., for plaintiffs-appellants.

Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Jeffrey G. Slater, Orlando, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiffs brought this diversity suit to recover damages for injuries sustained when plaintiff James Tomlinson's truck dropped into a pothole in a road under the alleged care and control of defendant county. The district court granted defendant's motion for a directed verdict, holding that plaintiffs had failed to meet the "threshold" requirement of Fla.Stat., § 627.737(2) (1984) [1] because they had not produced evidence that James had suffered permanent injury.

Section 627.737(2) applies to actions in tort brought against "the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided ... or against any person or organization legally responsible for his acts or omissions" and permits a plaintiff to recover damages in tort "because of bodily injury ... arising out of the ownership, maintenance, operation, or use of such motor vehicle...." Fla.Stat. § 627.737(2). Section 627.737(2) does not apply in this case because the action is against the county for negligent maintenance of its roads; the action is not "against the owner, registrant, operator or occupant of a motor vehicle."

Because § 627.737(2) does not apply in this case, plaintiffs are not required to meet the "threshold" requirement of proving permanent injury. *See Santiagoherrera v. Stout,* 470 So.2d 718 (Fla. 5th D.C.A. 1985) ("threshold" requirement of Fla.Stat. § 627.737(2) need not be met because the statute does not apply in a suit in which injuries arose out of an accident involving a city bus).

Defendant's reliance on *McKee v. City of Jacksonville,* 395 So.2d 222 (Fla. 1st D.C.A. 1981) is misplaced. The *McKee* court applied Fla.Stat. § 627.7372, a statute similar to § 627.737(2), in a suit against a city for alleged failure to maintain, replace, or erect a stop sign. The injuries in *McKee* arose out of a collision between a motorcycle and an automobile and therefore met the requirement of § 627.7372 that the in-

---

1. Section 627.737(2) provides:

   In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by §§ 627.730–627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership,

   maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:

   (a) Significant and permanent loss of an important bodily function.

   (b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

   (c) Significant and permanent scarring or disfigurement.

   (d) Death.

jury "arise out of the ownership, operation, use, or maintenance of a motor vehicle." Section 627.7372 does not require that the defendant own, operate, use, or maintain the motor vehicle. Therefore, § 627.7372 properly applied in *McKee*.

Section 627.737(2) does not apply in this case, where the injury allegedly arose out of defendant's negligent maintenance of its roads.[2]

REVERSED.

---

2. Defendant asserts that plaintiffs stipulated to the application of § 627.737(2) in this case. We can find no such stipulation in the record. In any case, parties may not stipulate the applicable law.