517 So.2d 778 (1988)
Danny DOYLE, Appellant,
v.
Tena FAFORD, et al., Appellees.
No. 86-2259.
District Court of Appeal of Florida, Fifth District.
January 7, 1988.
David K. Wittek, of Wright & Fulford, P.A., Orlando, for appellant.
Robert M. Moletteire, of Reinman, Harrell, Silberhorn and Graham, P.A., Melbourne, for appellees.
UPCHURCH, Chief Judge.
This is an appeal by Danny Doyle, the defendant below, from an order granting a new trial to the Fafords, the plaintiffs below.
*779 Mrs. Faford was in her mobile home when it was struck by Doyle's automobile as he was speeding through the trailer park. The home was knocked off its blocks by the impact. The jury returned a zero verdict.
It was uncontroverted that Mrs. Faford suffered some injury as a result of Doyle's negligence. In Westbrook v. All Points, Inc., 384 So.2d 973 (Fla. 3d DCA 1980), the court noted that the rule in Florida has been concisely stated by the United States Court of Appeals for the Fifth District:
It would ... appear that a zero verdict in Florida may be sustained only where there is conflicting evidence as to whether the plaintiff was in fact injured ...
384 So.2d at 975, quoting Parker v. Wideman, 380 F.2d 433, 437 (5th Cir.1967). While a jury may return a zero verdict when it entirely disbelieves that the plaintiff suffered any injury, here there was a dispute only as to the extent of the injuries. In these circumstances, the trial court did not abuse its discretion in ordering a new trial.
However, we agree with Doyle that the Florida Motor Vehicle No-Fault Law applies here.[1] Mrs. Faford, while not an occupant of a "motor vehicle" as defined by the no-fault statute,[2] was injured by a motor vehicle which proximately caused her injuries. Under the no-fault law, actual physical contact by the automobile with the insured is not required but rather the test is whether the motor vehicle was the proximate cause of the injuries. Lumbermens Mutual Casualty Company v. Castagna, 368 So.2d 348 (Fla. 1979); Royal Indemnity Company v. Government Employees Insurance Company, 307 So.2d 458 (Fla. 3d DCA 1975). In Royal Indemnity, the plaintiff received PIP benefits for injuries sustained while seated at a bus bench which was struck by a parked car which in turn was hit by a moving car. In the present case, Mrs. Faford's injuries were proximately caused by the motor vehicle driven by Doyle and hence the no-fault law was applicable.
The cases relied on by the Fafords, Santiagoherrera v. Stout, 470 So.2d 718 (Fla. 5th DCA 1985), and Scherzer v. Beron, 455 So.2d 441 (Fla. 5th DCA 1984), are distinguishable. In Scherzer, this court held that the threshold requirements of the no-fault law did not apply to a motorcyclist who filed suit against the defendant motor vehicle operator because a motorcycle is not a "motor vehicle" under the no-fault law. Based on Scherzer, this court in Santiagoherrera held that the threshold requirements did not have to be met by a plaintiff who sought to recover damages for personal injuries she received when a tractor trailer rear-ended a city bus she was driving as a city bus is excluded from the no-fault law's definition of "motor vehicle."
In Scherzer, this court held that the threshold requirements under the no-fault law apply only in a tort action where security has been provided. Section 627.736(1), Florida Statutes (1981), applicable in that case, provided that every insurance policy shall provide personal injury protection benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle. Since the motorcyclist was an occupant of a self-propelled vehicle, security under the no-fault law was not provided to him. Likewise, the city bus driver was also the occupant of a self-propelled vehicle and thus security was not provided to her. In contrast, Mrs. Faford was not an occupant of a self-propelled vehicle when she suffered bodily injury, security was provided for her and the no-fault law applies.
*780 The order granting the Fafords' motion for new trial is affirmed but the order granting their motion in limine is reversed.
SHARP and COWART, JJ., concur.
NOTES
[1] The Fafords moved for an order in limine to exclude any evidence or argument on threshold requirements or collateral sources on the basis that the Florida No Fault Law did not apply to this case.
[2] See § 627.732(1), Fla. Stat. (1983).