PER CURIAM.
In this workers’ compensation appeal, Appellant/Claimant challenges the constitutionality of section 440.15(l)(b), Florida Statutes (2003), the authority for termination of Claimant’s permanent total disability (PTD) benefits, arguing that, because her claim is based on age discrimination and her right of access to courts, it is subject to the strict scruti *877 ny standard of review. We disagree and affirm.
Claimant, at the age of 72, suffered a compensable injury on January 20, 2004. Claimant was administratively accepted as PTD and began receiving PTD benefits at the age of 74. In 2011, the Employer/Carrier suspended Claimant’s PTD benefits, stating her entitlement to PTD benefits had ended. The JCC found that, because Claimant was over the age of 70 when she was injured and received PTD benefits for five years after her administrative acceptance of PTD, she had exhausted her entitlement to PTD benefits pursuant to section 440.15(l)(b), Florida Statutes (2003). Claimant contends that, because the cessation of PTD benefits under section 440.15(l)(b) discriminates on the basis of age and violates her right of access to courts, her claim is therefore subject to the strict scrutiny standard of review.
Section 440.15(l)(b), Florida Statutes (2003), classifies the entitlement to PTD benefits by age of the claimant, providing:
... If the accident occurred on or after the employee reaches age 70, benefits shall be payable during the continuance of [PTD], not to exceed 5 years following the determination of PTD....
Regarding age classifications in section 440.15, the Florida Supreme Court has stated, “[t]he ‘rational basis’ test is the proper standard of review. There is no basis to conclude that an elevated standard of review is appropriate.” Sasso v. Ram Prop. Mgmt, 452 So.2d 932 (Fla.1984). Generally, “[a]ge limitations and restrictions may survive a constitutional challenge and be enforced if they pass the ‘rational basis’ test, i.e., the age classifications are reasonably related to a permissible governmental objective.” Wright v. State, 739 So.2d 1230, 1232 (Fla. 1st DCA 1999). See also Harrell v. Fla. Constr. Specialists/AARLA/Agent for FWCIGA, 834 So.2d 352, 357 (Fla. 1st DCA 2003) (noting challenge based on age discrimination is subject to rational basis review). Thus, we reject Claimant’s argument that the strict scrutiny standard applies to her age discrimination claim. See Sasso v. Ram Prop. Mgmt., 431 So.2d 204, 209 (Fla. 1st DCA 1983); approved, 452 So.2d 932 (Fla.1984) (quoting White Egret Condo., Inc. v. Franklin, 379 So.2d 346, 351 (Fla. 1979) (“The law is now clear that a restriction on individual rights on the basis of age need not pass the ‘strict scrutiny’ test....”)).
Additionally, we reject Claimant’s argument that North Florida Women’s Health & Counseling Services, Inc. v. State, 866 So.2d 612, 685 (Fla.2003), requires application of strict scrutiny to Claimant’s access to courts claim because that case was limited to the right of privacy and does not require application of strict scrutiny to all fundamental rights. See id. (noting strict scrutiny applies to certain fundamental rights). See also Warren v. State Farm Mut. Auto. Ins. Co., 899 So.2d 1090, 1097 (Fla.2005) (applying rational basis test to access to courts challenge). Having determined the proper standard for Claimant’s access to courts claim is rational basis review, the test for analyzing access to courts claims, as set out in Kluger v. White, 281 So.2d 1 (Fla. 1973), applies:
[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of *878 the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Warren v. State Farm Mut. Auto. Ins. Co., 899 So.2d 1090, 1097 (Fla.2005) (quoting Kluger, 281 So.2d at 4). More precisely, the legislature may abolish such a right in two instances: (1) where it authorizes a reasonable alternative for the redress of injuries or (2) where it can demonstrate an overpowering public necessity for abolishing such a right. As an example of the first situation, the court named the Florida’s Workers’ Compensation Law because it had:
abolished the right to sue one’s employer in tort for a job-related injury, but provided adequate, sufficient, and even preferable safeguards for an employee who is injured on the job, thus satisfying one of the exceptions to the rule against abolition of the right to redress for an injury.
Sasso, 431 So.2d at 209 (quoting Kluger, 281 So.2d at 4). As Claimant conceded at oral argument, section 440.15(l)(b) passes the Kluger test and does not violate the rational basis standard.
AFFIRMED.
ROBERTS, WETHERELL, and ROWE, JJ., concur.