ADKINS, Justice.
This cause is before us on petition for writ of certiorari seeking to review an order of the Florida Industrial Commission affirming an order of the Judge of Industrial Claims denying further compensation, other than medical benefits, to the petitioner.
Petitioner was injured in ,a compensable accident and was paid temporary total disability benefits for a period of 350 weeks. Respondent carrier stopped payments but has continued to furnish medical treatment to petitioner.
Petitioner has not reached maximum medical improvement and is still totally disabled. However, the physicians still refer to his disability as “temporary.”
Fla.Stat., § 440.15(2), F.S.A., specifies compensation for temporary total disability in the following language:
“In case of disability total in character but temporary in quality, sixty per cent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed three hundred and fifty weeks.”
This statute is clear and unambiguous in its language. The carrier was justified in ceasing to pay additional temporary total disability benefits.
The Florida Workmen’s Compensation Act is inadequate in failing to provide for a situation such as this. However, the remedy lies with the Legislature and not with the Florida Industrial Commission or the Court.
The petition for writ of certiorari is denied.
DREW and CARLTON, JJ., and CUL-VER SMITH, Circuit Judge, concur.
ERVIN, C. J., concurs specially with opinion.