424 So.2d 114 (1982)
Alfred JOHN, Appellant,
v.
GDG SERVICES, INC. and Zurich Insurance Company, Appellees.
No. AC-212.
District Court of Appeal of Florida, First District.
December 22, 1982.
*115 John M. Abramson, Miami, and John D. Rawls, Jacksonville, for appellant.
Steven Kronenberg, of Adams, Kelley & Kronenberg, Miami, for appellees.
SHIVERS, Judge.
John appeals a deputy commissioner's order which granted a claim for wage-loss benefits but denied benefits for permanent physical impairment for the loss of sight in one eye under Section 440.15(3)(a), Fla. Stat. (Supp. 1980). Appellant raises nineteen points for our consideration challenging both the factual and constitutional basis for the order below. Appellee raises a single issue on cross-appeal. We reverse the order denying recovery for permanent physical impairment but affirm all other points.
On August 13, 1980, John was injured in an industrial accident within the course and scope of his employment with GDG Services, Inc., where he was employed as a lawn worker and sweeper. As a result of the accident, appellant lost sight in one eye. GDG Services accepted the accident as compensable and paid total temporary disability benefits from August 14, 1980, to October 8, 1980. The deputy determined John reached maximum medical improvement on October 9, 1980, but was unable to work until January 15, 1981. Accordingly, the deputy awarded wage-loss benefits for the period between October 9, 1980, and January 15, 1981. The deputy, however, found no permanent impairment benefits were due under the provisions of Section 440.15(3)(a).
Section 440.15(3)(a)1. provides in part:
(a) Impairment benefits. 
1. In case of permanent impairment due to amputation, loss of 80 percent or more of vision, after correction, or serious facial or head disfigurement resulting from an injury other than an injury entitling the injured worker to permanent total disability benefits pursuant to subsection (1), there shall be paid to the injured worker the following:
a. Fifty dollars for each percent of permanent impairment of the body as a whole from 1 percent through 50 percent
... .
The challenged order demonstrates the deputy interpreted the statute to allow benefits only where a compensable accident resulted in 80 percent or more loss of vision considering both eyes. In Mahoney v. Sears, Roebuck & Co., 419 So.2d 754.
(Fla. 1st DCA 1982), we construed section 440.15(3)(a)1., Fla. Stat. (Supp. 1980) to permit recovery for the loss of 80 percent or more of the vision in one eye. This interpretation is consistent with the rules requiring liberal construction of the workers' compensation provisions.
Appellant also asserts numerous constitutional challenges asserting, among other points, that the new wage-loss system, section 440.15(3)(b), Fla. Stat. (Supp. 1980), unconstitutionally limits access to court by *116 not providing an adequate alternative to the previously existing remedies or to common-law remedies. More specifically, appellant contends the new wage-loss statute diverges too greatly from the preexisting remedy, the right to recover for loss of wage-earning capacity. The courts, however, have been reticent to hold a statute unconstitutional for such reasons. In Kluger v. White, 281 So.2d 1 (Fla. 1973) the Supreme Court considered a challenge to the Florida no-fault insurance law. The court stated:
We hold, therefore, that where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. s. 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Id., at 4.
Kluger, however, has been narrowly construed. In Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA 1981), this court considered whether section 768.28, Fla. Stat. (1977), the sovereign immunity for tort claims against the state statute, unconstitutionally altered the common-law remedy. The court stated:
Guided by case law subsequent to Kluger, we narrowly construe the instances in which constitutional violations will arise. The Constitution does not require a substitute remedy unless legislative action has abolished or totally eliminated a previously recognized cause of action.
As discussed in Kluger and borne out in later decisions, no substitute remedy need be supplied by legislation which reduces but does not destroy a cause of action... . (Emphasis supplied.)
Id., at 398.
Workers' compensation provisions have long been justified as a necessary exchange  the employee trades his common-law remedy for a sure expeditious method of settling claims. Although we note the benefits under the new wage-loss provisions may result in reduced benefits, the right to recover for industrial injuries has not been so reduced as to be effectively eliminated. Accordingly, we are compelled to hold section 440.15(3)(b) constitutional.
The order below is reversed to the extent it denied compensation for the loss of vision in John's eye. The cause is remanded with instructions to enter an order consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.