440 So.2d 1282 (1983)
Walter Nevin ACTON II, Petitioner,
v.
FORT LAUDERDALE HOSPITAL and the Insurance Company of North America, Respondents.
No. 62780.
Supreme Court of Florida.
November 10, 1983.
*1283 Frank E. Maloney, Jr., Macclenny, and John D. Rawls, Jacksonville, for petitioner.
Michael H. Lax of Lax & Stevens, Miami, and Steven Kronenberg of Adams, Kelley & Kronenberg, Miami, for respondents.
Joseph C. Jacobs and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for American Insurance Association, Alliance of American Insurers, and National Association of Independent Insurers; Richard A. Sicking, Miami, for Florida AFL-CIO; Barry M. Salzman, St. Petersburg, for Academy of Florida Trial Lawyers; Frederick B. Karl and S. James Brainerd, Tallahassee, for Florida Association of Insurance Agents; David M. Redstone, Tallahassee, for State of Florida Dept. of Labor and Employment Security, Division of Workers' Compensation; and Jim Smith, Atty. Gen. and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for State of Florida, amici curiae.
McDONALD, Justice.
This case is before us to review a decision of the First District Court of Appeal that expressly declared valid subsections 440.15(3)(a) and (b), Florida Statutes (1981). The district court upheld this portion of the Workers' Compensation Law against challenges that it violated the constitutional rights of injured workers to equal protection and access to the courts. Acton v. Ft. Lauderdale Hospital, 418 So.2d 1099 (Fla. 1st DCA 1982). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
On January 28, 1980, Walter Acton injured his left knee in an accident arising out of and in the course and scope of his employment with Ft. Lauderdale Hospital. Acton received fully paid medical care for this injury plus temporary total disability benefits until he recovered and returned to work five months later. After maximum medical improvement, Acton received a twenty-five percent permanent partial disability rating for the injury to his left leg. The deputy commissioner found that Acton did not qualify for permanent impairment benefits under subsection 440.15(3)(a) because he suffered no amputation, loss of vision, or serious facial or head disfigurements. He also found Acton ineligible for wage-loss benefits under subsection 440.15(3)(b) because he had returned to work at a higher monthly wage than he received before the accident. The deputy commissioner found no further workers' compensation benefits due.
*1284 Acton appealed the workers' compensation order to the First District Court of Appeal on the grounds that the 1979 legislature's replacement of permanent partial disability benefits in subsection 440.15(3) with the enactment of a permanent impairment and wage-loss benefits system in subsections 440.15(3)(a) and (b) violated constitutional guarantees of equal protection and access to the courts. The first district rejected these arguments and found subsections 440.15(3)(a) and (b) valid. We approve the decision under review.
We reject Acton's contention that the 1979 legislative changes to the Workers' Compensation Law violate the access to the courts provision of the Florida Constitution, contained in article I, section 21. In Kluger v. White, 281 So.2d 1 (Fla. 1973), the Court interpreted this constitutional limitation on the legislature as follows:
[W]here a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Id. at 4.
The Workers' Compensation Law remains a reasonable alternative to tort litigation. The change from lump sum payments for permanent partial disability to a system offering such payments only for permanent impairments and wage-loss benefits for other types of partial disability may disadvantage some workers, such as Mr. Acton. On the other hand, the new system offers greater benefits to injured workers who still suffer a wage loss after reaching maximum medical recovery. The Workers' Compensation Law continues to afford substantial advantages to injured workers, including full medical care and wage-loss payments for total or partial disability without their having to endure the delay and uncertainty of tort litigation. Subsections 440.15(3)(a) and (b) do not violate the access to the courts provision of the Florida Constitution as interpreted in Kluger v. White.
Acton also contends that the new wage-loss system violates constitutional guarantees to equal protection by distinguishing between injured employees who suffer wage loss and injured employees who do not. We disagree. Since no suspect classification is involved here, the statute need only bear a reasonable relationship to a legitimate state interest. Some inequality or imprecision will not render a statute invalid. In re Estate of Greenberg, 390 So.2d 40, 42 (Fla. 1980), appeal dismissed, 450 U.S. 961, 101 S.Ct. 1475, 67 L.Ed.2d 610 (1981). the fact that injured workers may recover different amounts for the same injury due to individual differences in wage loss is inherent in the very nature of the wage-loss system. Even the old wage-earning capacity system of workers' compensation did not operate to restore all monetary losses suffered by an injured worker. City of Hialeah v. Warner, 128 So.2d 611, 614 (Fla. 1961). Subsections 440.15(3)(a) and (b) do not violate equal protection principles.
In conclusion, we find subsections 440.15(3)(a) and (b), Florida Statutes (1981), constitutional. They do not deprive employees of either access to the courts or equal protection. Accordingly, we approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.
ADKINS, J., dissents.