KAHN, Judge.
Irma Rodriguez appeals a workers’ compensation order denying her death benefits for the death of her brother in a work-related accident. The judge of compensation claims denied appellant benefits based on the age restriction listed in section § 440.02(5), Florida Statutes, as applied to section 440.16(l)(b)(5), Florida Statutes. Those sections provide, in part:
§ 440.16 Compensation for death.—
(1) If death results from the accident within 1 year thereafter or follows continuous disability and results from the accident within 5 years thereafter, the employer shall pay:
(b) Compensation ... to the following persons entitled thereto on account of dependency upon the deceased....
(5) To the brothers, sisters, and grandchildren ....
§ 440.02 Definitions.—
(5) ... ‘Child,’ ‘grandchild,’ ‘brother’ and ‘sister’ include only persons who at the time of the death of the deceased employees are under 18 years of age, or under 22 years of age if a full-time student in an accredited educational institution.
Appellant, who was 31 years old at the time of her brother’s death, contends that section 440.02(5), Florida Statutes, as applied to section 440.16(l)(b)(5), Florida Statutes, is unconstitutional because it denies her access to court[1] and because it violates her equal protection and due process rights.
We find no merit in appellant’s argument. In Chamberlain v. Florida Power Corp., 198 So. 486, 488 (Fla.1940), the supreme court held that the right to bring a suit at law for damages for death by wrongful act did not exist at common law. It exists only by virtue of statute and can therefore be taken away by the legislature. See also, Carter v. Sparkman, 335 So.2d 802, 805 (Fla.1976) (reasonable restrictions — such as the pursuit of certain administrative relief or workers’ compensation claim — may be prescribed by law despite the constitutional guaranty of access), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977), receded from, Aldana v. Holub, 381 So.2d 231 (Fla. 1980). In Mullarkey v. Florida Feed, 268 So.2d 363, 366 (Fla.1972), appeal dismissed, 411 U.S. 944, 93 S.Ct. 1923, 36 L.Ed.2d 406 (1973), the court explained that the legislature was fully within its power to create a workers’ compensation system that supersedes other legislation affecting compensation or relief after death or injury.
This court and the Florida Supreme Court have rejected similar attacks on the constitutionality of other sections and subsections of chapter 440. See also Wood v. Harry Harmon Insulation, 511 So.2d 690 (Fla. 1st DCA 1987) (section 440.151(a), Florida Statutes, which limits death benefits for occupational disease to those filed within 350 weeks of last injurious exposure, does not deny access to courts based on time limitations), rev. denied, 520 So.2d 584 (Fla.1988); Newton v. McCotter Motors, Inc., 475 So.2d 230 (Fla.1985) (section 440.16(1), which limits death benefits to those where the decedent’s death from the compensable accident occurred within 5 years from the date of the accident, does not violate equal protection, access to courts, and thereby due process of law), cert. denied, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 323 (1986); Acton v. Ft. Lauderdale Hospital, 440 So.2d 1282 (Fla.1983) (fact that 1979 amendments to chapter 440 eliminated most of “scheduled injury” benefits did not render those amendments vio-lative of constitutional guarantees of equal protection and access to courts); and Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983) (section 440.- *61 15(3)(b)8.d., Florida Statutes (1979), which terminates the right to wage loss benefits when the injured employee reaches age 65 and becomes eligible for social security, does not violate constitutional guarantees), aff'd, 452 So.2d 932 (Fla.1984), appeal dismissed, 469 U.S. 1030, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984). Upon the rationale of these cases, appellant has not met her burden of showing that section 440.02(5) is unconstitutional.
AFFIRMED.
MINER and ALLEN, JJ., concur.

. Article I, Section 21 of the Florida Constitution provides:
The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial or delay.