**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis SANTIAGO–MARTINEZ, Defendant–Appellant.**

No. 94–10350.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 1995 *.

Decided June 20, 1995.

Bernardo M. Garcia, Phoenix, AZ, for defendant-appellant.

Vincent Q. Kirby, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: GOODWIN, FARRIS, and KLEINFELD, Circuit Judges.

PER CURIAM:

We hold that the equal protection analysis in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34–4.

1712, 90 L.Ed.2d 69 (1986) does not apply to prohibit peremptory strikes on the basis of obesity.

The defendant in this case was convicted on felony drug charges and now seeks to use the striking of obese venire persons to overturn his conviction. A detailed recitation of the facts is not necessary. It suffices to say that the prosecutor struck three venire persons whom defendant's counsel claimed were obese. Defense counsel himself claimed to be obese, although he acknowledged that the defendant was not. The district court disagreed with defense counsel's claim of his own obesity, and also stated that it did not regard at least one of the struck venire persons to be obese. The district court denied defense counsel's challenge.

*Batson* held that the Equal Protection Clause of the Fourteenth Amendment governs the exercise of peremptory challenges by a prosecutor in a criminal trial. *Id.* at 89, 106 S.Ct. at 1718. *Batson* involved a strike based on race, but the Supreme Court has applied its rationale to forbid strikes based solely on gender as well. *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Court concluded in *J.E.B.* that peremptory strikes based solely on gender cannot survive "heightened scrutiny" under the Equal Protection Clause. *Id.* at ——, 114 S.Ct. at 1425–1426. The Court explained that "[p]arties may ... exercise their peremptory challenges to remove from the venire any group or class of individuals normally subject to 'rational basis' review." *Id.* at ——, 114 S.Ct. at 1429.

As the defendant candidly concedes, no court has yet held that discrimination on the basis of obesity is subject to "heightened scrutiny" under the Equal Protection Clause.[1] We are not surprised, and decline to be the first to so hold. The judgment is

AFFIRMED.

---

[1]. Recognition of the class of obese persons for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., does not subject the class to "heightened scrutiny" under the Equal Protection Clause.