659 So.2d 1297 (1995)
WINN DIXIE and Crawford & Company, Appellants,
v.
Jeannie A. RESNIKOFF, Appellee.
No. 94-2152.
District Court of Appeal of Florida, First District.
September 5, 1995.
*1298 M. Kemmerly Thomas and Mary E. Cruickshank of McConnaughhay, Roland, Maida & Cherr, Tallahassee, for appellants.
Jerold Feuer, Miami, and John F. Law, Jr., Panama City, for appellee.
ALLEN, Judge.
The employer/servicing agent appeal a workers' compensation order by which the claimant was awarded wage loss benefits. They contend that the 78 week limitation on wage loss eligibility under section 440.15(3)(b)4.d.(III), Florida Statutes (1991), should have been applied in an uninterrupted consecutive manner so as to preclude the award. On cross-appeal the claimant contends that section 440.15(3)(b)4.d. offends constitutional guarantees of access to the courts, due process, and equal protection. We conclude that the 78 week limitation in section 440.15(3)(b)4.d. was properly applied as a cumulative limit on wage loss eligibility.
Section 440.15(3)(b)4. provides:
The right to wage-loss benefits shall terminate upon the occurrence of the earliest of the following:
* * * * * *
b. For injuries occurring on or before July 1, 1980, 350 weeks after the injured employee reaches the date of maximum medical improvement.
c. For injuries occurring after July 1, 1980, but before July 1, 1990, 525 weeks after the injured employee reaches maximum medical improvement.
d. For injuries occurring after June 30, 1990, the employee's eligibility for wage-loss benefits shall be determined according to the following schedule:
* * * * * *
(III) Seventy-eight weeks of eligibility for permanent impairment ratings greater than 6 and up to and including 9 percent.
The employer/servicing agent argue that the 78 weeks of eligibility under section 440.15(3)(b)4.d(III) should commence immediately upon the attainment of maximum medical improvement and expire 78 calendar weeks thereafter, without interruption and without regard to whether the claimant was otherwise entitled to wage loss benefits for that entire period of time. In declining to adopt this interpretation of the statute, the judge contrasted the general grant of eligibility in section 440.15(3)(b)4.d with the more specific language in section 440.15(3)(b)4.b and c, which expressly terminates the right to wage loss benefits upon the expiration of a certain number of weeks after maximum medical improvement. Based on this difference in the statutory language, the judge properly applied section 440.15(3)(b)4.d as a cumulative limitation on eligibility which is not confined to an uninterrupted period immediately after maximum medical improvement. The employer/servicing agent's alternative argument that this may be an uninterrupted period commencing when the claimant first seeks wage loss benefits is likewise *1299 without merit, as section 440.15(3)(b)4 contains no language to warrant such a restrictive interpretation. Instead, the eligibility schedule under section 440.15(3)(b)4.d applies only as a cumulative limitation on the total number of weeks for which the claimant may be entitled to wage loss benefits.
On cross-appeal the claimant asserts that heightened judicial scrutiny should apply in connection with his constitutional arguments, given his status as an injured worker who is thereby disabled. Despite the Florida Supreme Court's ruling in Acton v. Ft. Lauderdale Hospital, 440 So.2d 1282 (Fla. 1983), indicating that such workers are not a suspect class and that the wage loss system need only bear a reasonable relationship to a legitimate state interest, the claimant maintains that heightened scrutiny should now apply based on congressional findings relating to disabled individuals' status as a discreet and insular minority, as reflected in the Americans With Disabilities Act (ADA) at 42 U.S.C. section 12101(a). But this introductory language in the ADA has not produced a general application of heightened scrutiny in the federal cases involving disabilities. See United States v. Santiago-Martinez, 58 F.3d 422 (9th Cir.1995); Contractors Association of Eastern Pennsylvania v. City of Philadelphia, 6 F.3d 990 (3rd Cir.1993); More v. Farrier, 984 F.2d 269 (8th Cir.1993); see also Martin v. Voinovich, 840 F. Supp. 1175 (S.D.Ohio 1993). Furthermore, the rational basis test is traditionally applied to social legislation such as workers' compensation. Schuff Steel Co. v. Industrial Commission of Arizona, 181 Ariz. 435, 891 P.2d 902 (App. Div. 1, 1994).
As in Acton, we conclude that the rational basis test is the proper standard by which to review the claimant's equal protection and due process challenges. We therefore find these challenges, as well as the access to the courts challenge, to be without merit.
The appealed order is affirmed.
BARFIELD, J., and SMITH, Senior Judge, concur.