PER CURIAM.
James D. Cotoia appeals from a denial of his claim, which included a request for wage-loss benefits. We reverse in part, and remand.
Cotoia requested wage-loss benefits from May 28,1992, and continuing. The Judge of Compensation Claims (JCC) properly denied certain of these benefits because Cotoia untimely filed his request forms. The JCC also found, however, that “[f|rom May 22, 1994 ... and continuing, the claimant is no longer due indemnity benefits as a result of the industrial accident of July 02,1990 as the one hundred twenty week period of benefits due has run.” Because the JCC erred in limiting Cotoia’s recovery of wage-loss benefits to the 120-week period immediately and consecutively following the date of maximum medical improvement, we reverse and remand. See Winn Dixie v. Resnikoff, 659 So.2d 1297, 1298-99 (Fla. 1st DCA 1995) (“[T]he judge properly applied section 440.15(3)(b)4.d. as a cumulative limitation on eligibility which is not confined to an uninterrupted period immediately after maximum medical improvement. ... [T]he eligibility schedule under section 440.15(3)(b)4.d. applies only as a cumulative limitation on the total number of weeks for which the claimant may be entitled to wage loss benefits.”). In all other respects the order is affirmed. On remand the JCC must determine what portion of the 120 weeks, if any, remains under Resnikoff.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
BARFIELD, KAHN and DAVIS, JJ., concur.