685 So.2d 37 (1996)
Donald STROHM, Appellant,
v.
The HERTZ CORPORATION/HERTZ CLAIM MANAGEMENT, Appellees.
No. 95-3233.
District Court of Appeal of Florida, First District.
December 5, 1996.
Rehearing Denied January 14, 1997.
*38 Law offices of Richard Sadow, and Steven R. Berger of Berger & Chafetz, Miami, for Appellant.
Kimberly A. Hill of Conroy, Simberg & Lewis, P.A., Hollywood, for Appellees.
KAHN, Judge.
In this workers' compensation case, appellant Donald Strohm challenges the constitutionality of section 440.13(2)(a), Florida Statutes (1994 Supp.). Under one broad issue on appeal, appellant argues that the statute in question violates his Florida constitutional right of access to courts and denies him due process and equal protection under the law. Because the statute falls within the constitutional parameters by which our Workers' Compensation Act has traditionally been judged, we affirm the order on appeal and hold that the statute is constitutional.[*]
Mr. Strohm is a 63-year-old workers' compensation claimant. He holds a deep belief in chiropractic as evidenced by his testimony that he has sought chiropractic treatment for himself and his children for a broad range of maladies ranging from colds to warts to bed wetting. On January 19, 1994, Mr. Strohm was involved in a compensable automobile accident. Appellees authorized chiropractic care immediately, and claimant sought treatment the day after the accident from chiropractor Michael Atwood. There is no dispute that appellee's ultimate deauthorization of Dr. Atwood fell within the provisions of section 440.13(2)(a):
Medically necessary treatment, care and attendance does not include chiropractic services in excess of eighteen treatments or rendered eight weeks beyond the date of the initial chiropractic treatment, whichever comes first, unless the carrier authorizes additional treatment or the employee is catastrophically injured. *39 Because the employer/carrier provided the care contemplated by this statute, the judge of compensation claims did not authorize further chiropractic treatment. Claimant's legal position in this case was aptly characterized by his testimony at trial: "I think that I have a right to choose who I'm going to go to...."
Article I, section 21 of the Florida Constitution establishes that right commonly known as access to courts and provides: "The courts shall be open to every person for redress of any injury and justice shall be administered without sale, denial or delay." Under the constitution, a common law right may not be abolished by the Legislature without a reasonable alternative to protect the rights of the people to redress for injuries. Kluger v. White, 281 So.2d 1 (Fla. 1973). Accordingly, in order to make a colorable claim of denial of access to courts, an aggrieved party must demonstrate that the Legislature has abolished a common law right previously enjoyed by the people of this state.
Here, appellant has not presented anything even remotely suggesting that he had a common law right to chiropractic care at the time the Declaration of Rights in the Florida Constitution was adopted. Even assuming such a right, however, appellant has not carried his burden of demonstrating the abolition of such. The restriction crafted by the Legislature in section 440.13(2)(a) does not restrict the workers' compensation claimant's right to receive appropriate treatment; it merely diminishes, after a certain point in time, the range of providers who can offer such treatment under the Workers' Compensation Act.
Under an access to courts analysis, we hold that the Legislature did not destroy or abolish a common law right of action by limiting chiropractic care under section 440.13(2)(a). Our holding is in accord with a line of cases from this court and the Florida Supreme Court. See, e.g., Newton v. McCotter Motors, Inc., 475 So.2d 230 (Fla.1985) (holding provision requiring that death must result within one year of a compensable accident or following five years of continuous disability to be eligible for death benefits, did not deny access to courts), cert. denied, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 323 (1986); Sasso v. Ram Property Management, 431 So.2d 204 (Fla. 1st DCA 1983), aff'd 452 So.2d 932 (Fla.1984), appeal dismissed, 469 U.S. 1030, 105 S.Ct. 498, 83 L.Ed.2d 391 (1984) (holding provision cutting off wage-loss benefits at age 65, did not deny access to courts); Acton v. Ft. Lauderdale Hosp., 440 So.2d 1282 (Fla.1983) (approving district court's determination that 1979 amendment that replaced permanent partial disability benefits in section 440.15(3) with permanent impairment and wage-loss benefits system did not violate access to courts); Iglesia v. Floran, 394 So.2d 994 (Fla.1981) (holding amendment repealing right to bring lawsuit for negligence of coworkers except in cases of gross negligence, did not deny access to courts); Bradley v. The Hurricane Restaurant, 670 So.2d 162 (Fla. 1st DCA 1996) review denied, 678 So.2d 337 (Fla.1996) (holding section 440.15(3), Florida Statutes (Supp.1994) which significantly reduces benefits to a permanently injured worker from benefits that the same injured worker would have received had the worker been injured earlier, does not violate right of access to courts); John v. GDG Servs., Inc., 424 So.2d 114, 116 (Fla. 1st DCA 1982), aff'd 440 So.2d 1286 (Fla.1983) ("Workers' compensation provisions have long been justified as a necessary exchangethe employee trades his common-law remedy for a sure expeditious method of settling claims.")
We further hold that the statute denies neither equal protection nor due process. Based upon our analysis in Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996), no due process violation appears, because Strohm has not shown that he has been denied a meaningful opportunity to be heard. Similarly, appellant demonstrates no equal protection violation. The class of workers' compensation claimants who prefer treatment by chiropractors is not under any case brought to our attention a suspect classification. Because "no suspect classification is involved here, the statute need only bear a reasonable relationship to a legitimate state interest. Some inequality or imprecision will not render a statute invalid." Acton v. Fort Lauderdale Hosp., 440 So.2d at 1284. Social legislation, such as workers compensation *40 acts, is generally subject to a rational relationship analysis. See B & B Steel Erectors v. Burnsed, 591 So.2d 644, 647 (Fla. 1st DCA 1991) ("[I]n reviewing general social and economic legislation which does not employ a suspect classification or impinge on a fundamental right, courts apply the `rational relationship' test ... [T]he `some reasonable basis' standard is appropriate when employing the rational basis test. Under this standard, the courts uphold classifications so long as there appears to be any plausible reason for the Legislature's action, asking only whether it is conceivable that the classification bears a rational relationship to an end of government which is not prohibited by the government.") (citations omitted).
We have looked, as did the Florida Supreme Court in Clair v. Glades County Board of Commissioners, 649 So.2d 224 (Fla. 1995), at the scope of practice authorized under Florida law for chiropractors and other healthcare providers. We conclude, as did the supreme court, that a review of Florida's statutory standards
"reveals that medical doctors and osteopathic physicians are qualified and licensed in the broadest manner. Their qualifications and licensure would appear to encompass those areas of practice allowable for... chiropractors."
649 So.2d at 226-227.
To the extent that the present legislation treats chiropractors differently than medical doctors, osteopaths, or podiatrists, it is not novel. As the supreme court in Clair noted, the scope of practice of chiropractors is far more specifically delineated by Florida law than the range of practice allowed for the other classes of health care providers. See § 458.305, Fla.Stat. (1993) (medical doctors); § 459.011(2), Fla.Stat. (1993) (osteopathic physicians); § 461.003(3), Fla.Stat. (1993) (practitioners of podiatric medicine); § 460.403, Fla.Stat. (1993) (chiropractors). Chiropractic physicians "are expressly prohibited from prescribing or administering to any person, any legend drug, from performing any surgery (except as specifically authorized), or from practicing obstetrics." § 460.403(3)(c), Fla.Stat. (1995). Although Florida hospitals are required by law to set standards and procedures which provide for reasonable access by licensed chiropractors to x-ray reports and laboratory tests, such hospitals are not required by law to grant staff privileges to a chiropractor. § 395.0195, Fla.Stat. (1995).
Thus, the Legislature has already restricted chiropractors in terms of their licensing and modalities of treatment available to them. These differences in licensing and scope of treatment offer a rational basis for the Legislature's present decision to classify chiropractors differently from other types of physicians for purposes of medical treatment under chapter 440. By mentioning these differences, however, we do not intend to limit the rational basis analysis; we simply point out established distinctions between lawful provision of care by chiropractors and other licensed providers such as medical doctors and osteopaths.
In his brief, appellant acknowledges that the rational basis test applies to these challenges. We have previously noted that this test is "highly deferential toward action taken by the state.... It is, moreover, virtually insurmountable, because the burden of showing that the state action is without any rational basis is placed on the individual assailing the classificatory scheme." Sasso v. Ram Property Management, 431 So.2d at 218.
The Legislature has made a determination to reduce the unlimited availability of chiropractic care to workers' compensation claimants. Although this restriction is certainly not insubstantial to claimants who fervently believe in chiropractic, it does not rise to the level of other restrictions that have been upheld in the face of due process and equal protection challenges. See, e.g., Newton, 475 So.2d at 231 (upholding statute that requires, in order for injured employee's death to be compensable, death to occur within one year of accident or follow continuous disability and result from accident within 5 years of accident); Acton (upholding permanent impairment and wage-loss benefits system that replaced permanent partial disability benefits); Winn Dixie v. Resnikoff, 659 So.2d 1297, 1298-99 (Fla. 1st DCA) (upholding 78-week limitation on wage-loss eligibility); Rodriguez *41 v. Prestress Decking Corp., 611 So.2d 59, 60-61 (Fla. 1st DCA 1992) (upholding statute limiting receipt of death benefits to certain dependents); Radney v. Edwards, 424 So.2d 956, 957 (Fla. 1st DCA 1983) (upholding statute excluding private employers with less than three employees from provisions of Florida Workers' Compensation Act).
The statute before us does not abolish any common law right of action identified by appellant; nor does it deny a fair hearing or erect any classification scheme that fails to bear a reasonable relationship to a legitimate state interest. Accordingly, we declare that the restriction on chiropractic treatment in section 440.13(2)(a), Florida Statutes (1994 Supp.) is constitutional.
AFFIRMED.
DAVIS, J., concurs.
BENTON, J., concurs with written opinion.
BENTON, J., concurring.
As Judge Kahn ably demonstrates, the claimant who brings this appeal need suffer no diminution in care nor any change in mode of therapy by virtue of section 440.13(2)(a), Florida Statutes (Supp.1994). The statutory limitations on "chiropractic services and attendance" restrict reimbursement to chiropractors, but not to other authorized providers of perhaps identical medically necessary treatment. No chiropractor is a party to this appeal. Even "a deep belief in chiropractic" does not confer on appellant standing to urge the rights of chiropractors.
NOTES
[*] Although appellant raises only one point on appeal, the argument section of his brief contains two sentences raising questions of due process and equal protection. No citations of authority are offered for the due process and equal protection contentions. Because we wish to aid practitioners and judges of compensation claims in applying the Workers Compensation Act, we have addressed the due process and equal protection claims. Under these circumstances, however, we are not required to do so. Henderson v. State. 569 So.2d 925, 927 (Fla. 1st DCA 1990).