110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Ray FLOYD, Defendant-Appellant.
 No. 95-17412.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Robert Ray Floyd appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Floyd's motion. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We affirm.
 
 
 3
 Floyd first contends that he was denied his right to appeal due to inaccuracies in his trial transcript and violations of the Court Reporter's Act. This contention lacks merit.
 
 
 4
 "A criminal defendant has a right to a record on appeal which includes a complete transcript of the proceedings at trial." United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir.1994). While "this right is statutorily guaranteed by the Court Reporter's Act, 28 U.S.C. § 753(b)(1)," a court reporter's failure to record all proceedings verbatim requires reversal only if a defendant shows "specific prejudice." United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir.1994). "Where the trial court has certified the accuracy of the record ... specific prejudice will not be found absent a showing that the certification is clearly erroneous." Id.
 
 
 5
 Here, the district court certified the accuracy of the record. Having reviewed Floyd's allegations and the transcript, we cannot say that the district court's certification was clearly erroneous. See id.
 
 
 6
 Floyd next contends that the district court erred when it failed to turn over juror questionnaires to the defense and when it excused jurors because of their experience or history with drugs. These contentions lack merit.
 
 
 7
 A discriminatory exercise of peremptory challenges violates the Equal Protection Clause. Batson v. Kentucky, 476 U.S. 79, 93-94 (1986) (race); J.E.B. v. T.B., 114 S.Ct. 1419, 1421 (1994) (gender). The Constitution, however, does not prohibit the removal of jurors for any basis subject to "rational basis" review under the Equal Protection Clause. J.E.B., 114 S.Ct. at 1425-26; United States v. Santiago-Martinez, 58 F.3d 422, 423 (9th Cir.1995) (per curiam) (rejecting Batson challenge on the basis of obesity).[1] Accordingly, we reject Floyd's claim that he had a right to have a jury which included "jurors who admitted having friend of [sic] relative with 'marijuana problem.' " See J.E.B., 114 S.Ct. at 1425-26; Santiago-Martinez, 58 F.3d at 423.
 
 
 8
 In addition, "[t]he district judge has discretion in conducting voir dire and we will not find reversible error unless the questions asked or procedures used were so unreasonable as to constitute an abuse." United States v. Boise, 916 F.2d 497, 504 (9th Cir.1990). Here, the district court's inquiry into the jurors' drug histories was not "so unreasonable" as to require reversal. See id.
 
 
 9
 Floyd contends that he was denied a fair trial because the government violated an early disclosure agreement which provided that all Jencks Act material would be turned over at least ten days before trial. This contention lacks merit.
 
 
 10
 The Jencks Act was not violated because the government faxed the statements to Floyd's attorney four days before trial. See 18 U.S.C. § 3500(b) (1982) (requiring prosecution to give the defense transcripts of any government witness's statement after the witness testifies on direct examination at trial). Nor is the government's action outrageous governmental conduct which would require us to reverse Floyd's conviction. See e.g. Sanchez, 50 F.3d at 1452 (noting that engineering a criminal enterprise from "start to finish" would constitute outrageous governmental conduct).
 
 
 11
 Finally, Floyd contends that the district judge improperly refused to recuse himself. We disagree.
 
 
 12
 We review for an abuse of discretion a district judge's denial of a recusal motion, and will reverse only if the denial represents "a clear error of judgment." See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986); see also United States v. Garfield, 987 F.2d 1424, 1427 (9th Cir.1993) ("A petitioner seeking to show that a judge should be recused because the judge had a personal bias against him must demonstrate that the alleged bias stems from an extrajudicial source."). The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939.
 
 
 13
 Here, Floyd contends that since the district judge certified that the transcripts were accurate, the judge could not be impartial in ruling on this claim. We reject Floyd's claim because the record does not support a conclusion that the district judge's denial of his recusal motion represented a clear error in judgment or that his impartiality may reasonably be questioned. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 THis disposition is not appropriate for publication and may not be cited to or by the ocurts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Title 18, section 1863, cited by Floyd, does not support his argument that the district court erred because the jurors were not removed for "good cause." See 18 U.S.C. § 1863 (West 1996)