BOOTH, Judge.
This cause is before us on appeal and cross-appeal from a final judgment entered by the circuit court. On appeal, Appellant/Cross-Appellee Thomas Tramel, as sheriff of Columbia County, contends that the trial court erred by refusing to allow consideration of apportionment of fault among sued co-defendants after the answer and affirmative defenses of Tramel were stricken and a- default imposed. We affirm the issue on appeal without further comment. See St. Mary’s Hospital v. Brinson, 685 So.2d 38 (Fla. 4th DCA 1997), rev. granted, 695 So.2d 701 (Fla.1997).
On cross-appeal, Appellee/Cross-Appellant Runette Bass argues that the trial court erred in denying her motion for attorney fees. As to the issue on cross-appeal, we reverse but certify a question to the supreme court.
During the course of litigation, Bass served Tramel with a demand for judgment pursuant to section 768.79, Florida Statutes, in the amount of $2.1 million. The parties agree that the amount of the demand eq-ualled the liability insurance applicable to Tramel. Tramel rejected this demand, and the jury returned a final verdict of $2,953,-873.64, an amount 25% greater than the demand for judgment. Pursuant to section 768.79, Florida Statutes, Bass filed a motion for attorney fees. The trial court denied the motion for fees, finding that the demand for judgment was made in bad faith, as section 768.28, Florida Statutes, limits liability for governmental agencies to $100,000.
Section 768.28(5), Florida Statutes, provides as follows:
The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $100,000 or any claim or judgment, or portions thereof, which, when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrences, exceeds the sum of $200,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $100,000 or $200,000, as the case may be; and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. Notwithstanding the limited waiver of sovereign immunity provided herein, the state or any agency or subdivision thereof may agree, within the limits of insurance coverage provided, to settle a claim made or a judgment rendered against it without further action by the Legislature, but the state or agency or subdivision thereof shall not be deemed to have waived any defense or sovereign immunity or to have increased the limits of its liability as a result of its obtaining insurance coverage for tortious acts in excess of the $100,000 or $200,000 wavier provided above. (Emphasis added.)
This section expressly permits governmental entities to settle claims up to the limit of liability insurance they may carry. In this case, Bass’ demand did not exceed the limit of Tramel’s liability insurance. As section 768.28(5) expressly authorized Tramel to accept Bass’ demand, the demand was not in bad faith, and Bass was entitled to attorney fees. We therefore reverse the trial court’s order denying Appellee’s motion for attorney fees, but certify the following question:
WHERE A PLAINTIFF IN A TORT ACTION MAKES A DEMAND FOR JUDGMENT UNDER SECTION 768.79, FLORIDA STATUTES, AGAINST A GOVERNMENTAL ENTITY IN AN AMOUNT IN EXCESS OF THAT ALLOWED UNDER SECTION 768.28(5), *849 FLORIDA STATUTES, BUT WITHIN COVERAGE LIMITS, IS THE DEMAND A GOOD FAITH DEMAND SO THAT ATTORNEY FEES AND COSTS CAN BE AWARDED UNDER SECTION 768.79, FLORIDA STATUTES, AFTER JUDGMENT?
VAN NORTWICK, J., and COSTELLO, Associate Judge, concur.