KLEIN, J.
Appellant sustained a work related injury covered by workers’ compensation. After the employer had paid for more than eighteen chiropractor treatments, it exercised its right under section 440.13(2)(a), Florida Statutes (Supp.1994), to stop paying for any further chiropractic treatment. The statute limits chiropractic care to eighteen treatments unless the carrier authorizes it or the employee is catastrophically injured. The judge of compensation claims denied appellant’s request for further chiropractic treatment, and appellant did not appeal that order. Instead he filed this action for declaratory relief; arguing that the statute is unconstitutional. We affirm.
In Strohm v. Hertz Corp., 685 So.2d 37 (Fla. 1st DCA 1996) the first district upheld the statutory limit on chiropractic treatment in a challenge to its constitutionality. Apparently, in order to avoid the same fate as the claimant in Strohm, appellant did not appeal the order denying his claim to the first district, in the hopes that he could get this court to disagree with Strohm and hold the statute unconstitutional.
Final orders in workers’ compensation cases “are subject to the same principles of res judicata as are applied to judgments of courts.” Nelson & Co. v. Holtzclaw, 566 So.2d 307, 308 (Fla. 1st DCA 1990) (citing Wellcraft Marine Corp. v. Turner, 435 So.2d 864, 865 (Fla. 1st DCA 1983)). The order of the judge of compensation claims, determining that appellant was not entitled to any more chiropractic treatment, is therefore res judicata as to that issue. There is thus no controversy, because even if the court were to hold the statute unconstitutional, appellant would still be bound by the worker’s compensation order determining that he could get no further chiropractic treatment. We therefore affirm.
SHAHOOD, J., concurs.
POLEN, J., concurs specially with opinion.