WEBSTER, J.,
concurring.
I agree with the analysis used, and the conclusions reached, by the majority. In particular, I agree that there is nothing unclear or ambiguous about section 440.15(5)(b); that, as a result, there is no reason to resort to statutory construction; and that, by its clear language, section 440.15(5)(b) requires “apportionment of all indemnity benefits, both temporary and permanent, and all medical benefits, both before and after MMI.” Majority opinion at 7. I write to express my concerns about what I perceive is likely to be the impact of section 440.15(5)(b) on Florida’s workers’ compensation system.
Our legislature tells us that they intend that the Workers’ Compensation Law (i.e., *798 chapter 440, Florida Statutes) be “an efficient and self-executing system ... which is not an economic or administrative burden”; and that it “be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” § 440.015, Fla. Stat. (2008). I fear that section 440.15(5)(b), as currently written, will frustrate, rather than further, that intent.
In the short term, at least, it strikes me that the statute will significantly increase litigation and, thereby, both the economic and administrative burdens. All of us who have been on this planet for any meaningful period have medical conditions of one type or another. Because of this fact, I anticipate that lawyers representing employers and carriers will now routinely inquire about the existence of such conditions whenever an injured worker makes a claim for medical or indemnity benefits in the hope that they will find one (or more) that can be used to require apportionment and, thereby, reduce the amount their clients would otherwise be required to pay out. This will likely involve more discovery, and will certainly result in more litigation, placing a greater burden on already overburdened judges of compensation claims.
In the longer term, it strikes me that injured workers will be less likely to seek medical treatment, making it more likely that they will be unable to return to the workplace. This is because many who had a preexisting condition but were able to work either because the condition was asymptomatic or because, although symptomatic, it was not debilitating before the workplace injury will simply be unable to afford to pay the portion of the cost of treatment attributable to the preexisting condition based on a physician’s opinion. In this case, for instance, the claimant would have been responsible for 40 percent of the cost of treatment and 25 percent of the cost of surgery had sufficient evidence been presented to establish that the claimant’s preexisting condition was in no way attributable to an industrial accident. One can readily imagine many situations where the worker’s share of the cost of treatment would be even greater. If, as I think will likely be the case, a significant number of injured workers receive significantly reduced benefits because of section 440.15(5)(b), the courts might well conclude that because the right to benefits has become largely illusory, Florida’s Workers’ Compensation Law is no longer a reasonable alternative to common-law remedies and that, accordingly, workers have been denied meaningful access to courts in violation of article I, section 21, of our constitution. See Martinez v. Scanlan, 582 So.2d 1167, 1171-72 (Fla.1991) (stating that “the workers’ compensation law remains a reasonable alternative to tort litigation [because] [i]t continues to provide injured workers with full medical care and wage-loss payments for total or partial disability regardless of fault and without the delay and uncertainty of tort litigation”); Acton v. Fort Lauderdale Hosp., 440 So.2d 1282, 1284 (Fla.1983) (same); Shova v. Eller, 606 So.2d 400, 408 (Fla. 2d DCA 1992) (Altenbernd, J., dissenting) (stating that, “so long as the benefits are substantial, workers’ compensation benefits are an acceptable, reasonable alternative to most tort remedies”), quashed, 630 So.2d 537, 542 (Fla.1993) (quoting the language from Judge Altenbernd’s dissent).
For the reasons I have expressed, I believe section 440.15(5)(b) to be ill-advised. I urge the legislature to consider its amendment.