VAN NORTWICK, J.,
dissenting.
I join in Judge Padovano’s dissent because I believe that it more correctly interprets the applicable provisions of the Workers’ Compensation Act. I write separately to express my opinion that both the approach adopted in Oswald (and reaffirmed by the majority opinion) and the approach expressed in the dissent are judicial “patches” crafted to attempt to avoid a material “gap” in disability benefits for injured workers who remain totally disabled on the expiration of temporary disability benefits. In my view, our concern with this potential “gap” is not simply a humanitarian concern for particular claimants, but is based on our interest in avoiding a potential constitutional issue. The problematic nature of the cutoff of these benefits has long been recognized by Florida courts. For example, as noted by the majority, in Thompson v. Florida Industrial Commission, 224 So.2d 286, 287 (Fla. 1969), the court recognized that in ceasing payment of temporary total disability benefits after 350 weeks even though claimant was still totally disabled, “[t]he Florida Workmen’s Compensation Law is inadequate in failing to provide for a situation such as this.” Under the current statute, temporary total disability benefits have been reduced to 104 weeks, section 440.15(2)(a), Florida Statutes (2006), 246 weeks less than the 350 weeks of benefits in Thompson.
Under article I, section 21 of the Declaration of Rights in the Constitution of the State of Florida: “The courts shall be open to every person for redress of any injury....” As Judge Altenbernd has ex *633 plained, one function of this provision “is to protect the substantive rights of the people through judicial checks on the power of the legislature.” Shova v. Eller, 606 So.2d 400, 409 (Fla. 2d DCA 1992) (Altenbernd, J., dissenting), quashed, Eller v. Shova, 680 So.2d 537 (Fla.1993).[9] The Florida Supreme Court has set forth the limits imposed on the legislature by article I, section 21:
[Wjhere a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. s. 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the rights of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
Kluger v. White, 281 So.2d 1, 4 (Fla.1973). In analyzing whether the right of access to the courts has been abolished by a particular change in the Workers’ Compensation Law, under the test in Kluger Florida courts must determine (1) whether the amendment to the act abolished a preexisting right of access; (2) if so, whether a reasonable alternative exists to protect the preexisting right of access; and (3) if no such reasonable alternative exists, whether an overwhelming public necessity exists for the amendment to the act. Eller, 630 So.2d at 542.
Florida courts have recognized that the Workers’ Compensation Law serves as a reasonable alternative to tort law. See, e.g., Martinez v. Scanlan, 582 So.2d 1167, 1171-72 (Fla.1991) (stating that “the workers’ compensation law remains a reasonable alternative to tort litigation [because] [i]t continues to provide injured workers with full medical care and wage-loss payments for total or partial disability regardless of fault and without the delay and uncertainty of tort litigation”). Generally, unless the amended statute in question has effectively eliminated a claimant’s cause of action, the amendment does not violate article I, section 21. See John v. GDG Servs., Inc., 424 So.2d 114, 116 (Fla. 1st DCA 1982) (upholding against an access to courts challenge an amendment to section 440.15(3)(b), concerning permanent impairment benefits, this court reasoned: “Although we note the benefits under the new wage-loss provisions may result in reduced benefits, the right to recover for industrial injuries- has not been so reduced as to be effectively eliminated.”) (emphasis added), decision approved, 440 So.2d 1286 (Fla.1983). Judge Webster has recently warned about potential constitutional concerns in the context of the apportionment of benefits under section 440.15(5)(b):
If, as I think will likely be the case, a significant number of injured workers receive significantly reduced benefits because of section 440.15(5)(b), the courts might well conclude that because the right to benefits has become largely illusory, Florida’s Workers’ Compensation Law is no longer a reasonable alternative to eommon-law remedies and that, accordingly, workers have been denied meaningful access to courts in violation of article I, section 21, of our constitution.
Staffmark v. Merrell, 43 So.3d 792, 798 (Fla. 1st DCA 2010) (Webster, J., concur *634 ring) (citations omitted). Similarly, in the case of a totally disabled claimant whose rights to temporary disability benefits has expired, but who is prohibited from receiving permanent disability benefits, the elimination of disability benefits may reach a point where the claimant’s cause of action has been effectively eliminated. In such a case, the courts might well find that the benefits under the Workers’ Compensation Law are no longer a reasonable alternative to a tort remedy and that, as a result, workers have been denied access to courts.
For the reasons explained by Judge Pa-dovano, the Oswald patch leaves many totally disabled claimants stuck in this gap without the benefits. I urge the legislature to address this inadequacy under the Workers’ Compensation Law.
BY ORDER OF THE COURT.
Appellee’s Motion for Rehearing and Motion for Certification of Question as One of Great Public Importance, filed December 9, 2011, is denied.
BENTON, C.J., and WOLF, LEWIS, THOMAS, ROBERTS, WETHERELL, ROWE, RAY, and SWANSON, JJ., concur.
PADOVANO, DAVIS, VAN NORTWICK, CLARK, and MARSTILLER, JJ., concur in denial of rehearing and dissent from denial of certification of a question of great public importance.
DAVIS, VAN NORTWICK, and CLARK, JJ., join in the dissenting opinion of PADOVANO, J.

. In Eller, the Florida Supreme Court expressly agreed with Judge Altenbernd’s dissent. Eller v. Shova, 630 So.2d 537, 542 (Fla.1993).